### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


Maria Youngman
Hodges Apartment Complex

    v.                                    Civ. No. 23-cv-471-LM-AJ

K.C.


### REPORT AND RECOMMENDATION

Pro se plaintiff Maria Youngman, proceeding in forma pauperis, has filed a complaint (Doc. No. 1), naming herself and the Hodges Apartment Complex as plaintiffs and a neighbor, "K.C," as a defendant.  The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915.

### Preliminary Review Standard

This court conducts a preliminary review of complaints filed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See id.  In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions

and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  In undertaking this review, the court is mindful that pro se complaints must be construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

## Discussion

Ms. Youngman's complaint contains little information. Based on her filings in a different case in this court, it appears that an entity named "Hodges Rental Co." is her landlord, and that she appears to be bringing suit on its behalf in this case.  See Youngman v. Youngman, et al., No. 23-cv-356-LM (D.N.H. filed July 17, 2023; dismissed Aug. 22, 2023).  As a pro se plaintiff, however, Ms. Youngman cannot represent another person or entity.  Nor can a corporation represent itself.  In general, a party must appear and sign pleadings filed in this court personally, or that party may appear through counsel admitted to practice here.  See 28 U.S.C. § 1654; LR 83.6(b). Therefore, "Hodges Apartment Complex" cannot be a named plaintiff in this case at this time.  Nevertheless, in an

abundance of caution owing to Ms. Youngman's pro se status, the court will also consider the possibility that she intended to name the Hodges entity as a defendant.

The complaint contains non-specific allegations of "theft of personal property," "mutilation of skin," and assault. Liberally construing the complaint, see Erickson, 551 U.S. at 94, it appears that Ms. Youngman has sufficiently alleged that an individual committed several tortious acts against her. But more significantly, as explained below, this court lacks subject matter jurisdiction over Ms. Youngman's claims.

## Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's jurisdiction. Calderón–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, a plaintiff must allege either that her claims raise a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that

the parties are citizens of different states, see id. at §
1332(a)(1), and that the amount in controversy in this action
exceeds $75,000. See id. at § 1332(b).

Ms. Youngman's complaint seems to assert only garden-
variety state-law claims, such as assault and theft of personal
property.  Thus, the only basis upon which the court could
exercise subject matter jurisdiction is through diversity.  To
establish diversity jurisdiction, plaintiff must show that the
parties are citizens of different states and that the amount in
controversy is more than $75,000. See 28 U.S.C. § 1332.
"[D]iversity jurisdiction requires 'complete diversity of
citizenship as between all plaintiffs and all defendants.' This
means that diversity jurisdiction does not exist where any
plaintiff is a citizen of the same state as any defendant."
Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53–54
(1st Cir. 2009) (citations omitted).  Here, the face of the
complaint indicates that Ms. Youngman and both defendants – her
landlord and her neighbor -- are New Hampshire citizens.  These
allegations fail to satisfy the requirement of diversity
jurisdiction.

## Conclusion

For the foregoing reasons, this case should be dismissed
for lack of subject matter jurisdiction, without prejudice to
Ms. Youngman's ability to re-file her lawsuit in state court.

Should the district judge approve this recommendation, plaintiff's motion for order and partial theft (Doc. No. 3) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge



November 15, 2023

cc:  Marie Youngman, pro se